UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CHARLES B. NEPTUNE, | ) | |
| Plaintiff | ) ) ) | |
| | ) | 1:17-cv-88-GZS |
| v. | ) ) | |
| WILLIAM NICHOLAS SR., et al., | ) ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e)**

In this action, Plaintiff Charles Neptune alleges William Nicholas, Sr., Chief of the Passamaquoddy Tribe, violated Plaintiff's rights under the Privacy Act of 1974 by disclosing certain information regarding Plaintiff's elver fishing activity.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 3), which application the Court granted. (ECF No. 4.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of the complaint in accordance with 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's complaint.

### STANDARD OF REVIEW

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

"Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## BACKGROUND FACTS[1]

Plaintiff alleges that Chief William Nicholas of the Passamaquoddy Tribe and "Passamaquoddy Tribe Indian Township" violated his rights under the federal Privacy Act of 1974. Specifically, Plaintiff alleges that Defendants made available for public inspection records of Plaintiff's elver fishing landing reports, which reveal the location from which Plaintiff obtained his "catch." Plaintiff asserts that as the result of Defendants' actions, he has been deprived of future earnings.

## DISCUSSION

"Federal courts are courts of limited jurisdiction. They cannot act in the absence of subject matter jurisdiction, and they have a sua sponte duty to confirm the existence of jurisdiction in the face of apparent jurisdictional defects." *United States v. Univ. of Mass., Worcester*, 812 F.3d 35, 44 (1st Cir. 2016). In this case, Plaintiff, a Maine resident, has asserted a claim against two Maine residents. *Akins v. Penobscot Nation*, 130 F.3d 482, 485 ("Although Indian tribes are not usually subject to the diversity jurisdiction of the federal courts, the [Maine Indian Claims] Settlement Act [of 1980] subjects Maine tribes to diversity jurisdiction").[2] Because both Plaintiff and Defendants are Maine residents,

---

[1] The facts set forth herein are derived from Plaintiff's complaint.

[2] The Maine Indian Claims Settlement Act provides in relevant part:

> The Passamaquoddy Tribe … and all members thereof … may sue and be sued in the Courts of …. the United States to the same extent as any other entity or person residing in the State of Maine may sue and be sued in [that] court.

25 U.S.C. § 1725(d)(1) (omitted from published code), *available at* https://www.gpo.gov/.

Plaintiff has not alleged the diversity of citizenship necessary for diversity jurisdiction. 28 U.S.C. § 1332.

Plaintiff evidently attempts to invoke the Court's federal question jurisdiction by seeking recovery for an alleged violation of the Privacy Act of 1974, 5 U.S.C. § 552. The Privacy Act of 1974 "generally prohibits disclosure of personal records without the individual's written consent." *Fed. Labor Relations Auth. v. U.S. Dep't of Navy*, 941 F.2d 49, 55 (1st Cir. 1991). The Act authorizes individuals to file civil actions in federal district courts against federal agencies, and it subjects the United States to liability where the court determines that the federal agency intentionally or willfully violated the Act's requirements causing "actual damages." *F.A.A. v. Cooper*, 566 U.S. 284, 295 (2012); *Doe v. Chao*, 540 U.S. 614, 616 (2004)); 5 U.S.C. § 552a(g)(1), (4), (5).

Significantly, the Privacy Act applies only to federal agencies. 5 U.S.C. §§ 552, 552a(a)(1). "Agency" is a defined term meaning, subject to certain exceptions, "each authority of the Government of the United States," *id.* § 551(1), including "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." *Id.* § 552(f)(1). Native American Tribes and their officials are not included among the entities that qualify as agencies of the United States. *See, e.g., Stevens v. Skenandore*, 234 F.3d 1274 (2000) (Table) (finding "no private right of action against tribe officials for violations of the Privacy Act, which applies only to federal government agencies").

Because Plaintiff cannot bring a Privacy Act claim against the Passamaquoddy Tribe or Chief Nicholas, and because Plaintiff has not asserted a claim within the Court's diversity jurisdiction, Plaintiff has failed to state a claim for relief within the Court's subject matter jurisdiction. Accordingly, Plaintiff cannot proceed on his claim in this Court.

## CONCLUSION

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection. Fed. R. Civ. P. 72(b)(2).

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 24th day of March, 2017.